UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER JAMES CARR,

        Plaintiff,

v.

RYAN HERRINGTON,

        Defendants.

Case No. 3:20-cv-05794-BHS-TLF

ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND

Plaintiff, Peter James Carr, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve the complaint due to the deficiencies described below but allows plaintiff leave to file an amended pleading by **December 11, 2020**, to cure the deficiencies in his complaint.

## BACKGROUND

Plaintiff, who is housed at Stafford Creek Corrections Center (SCCC), alleges violations of his Eighth Amendment rights and state law due to SCCC medical staff's alleged failure to properly treat his back injuries. Dkt. 6. Plaintiff also alleges he was "forced" to share a small cell with another inmate who assaulted him causing further injury to his back. *Id.* Plaintiff also appears to allege he was improperly infracted for requesting medical treatment. *Id.* As relief, plaintiff requests damages and injunctive

relief ordering that he receive "corrective spinal surgery." *Id.* Plaintiff's complaint names one defendant, Ryan Herrington, Medical Director at SCCC. *Id.*

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

### I. Personal Participation

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*,

1  588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are
2  insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot
3  be based on vicarious liability alone; the complaint must allege the defendant's own
4  conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90
5  (1989).

6  　　　In the complaint, plaintiff names Ryan Herrington, Medical Director at Stafford
7  Creek Corrections Center, as the sole defendant. Dkt. 6. But plaintiff fails to assert
8  specific acts or omissions of defendant Herrington in this case. Plaintiff provides some
9  specific information regarding his interactions with other healthcare staff at SCCC but
10 he fails to identify many of these individuals by name and does not name any of them
11 as defendants. *Id.* Plaintiff's complaint fails to assert specific actions or inactions by
12 defendant Herrington and how those acts or omissions constituted deliberate
13 indifference to a serious medical need. *See id.* Plaintiff's conclusory allegations are
14 insufficient to show defendant Herrington personally participated in the alleged
15 constitutional violations. *See Jones v. Community Development Agency*, 733 F.2d 646,
16 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are
17 not sufficient to state section 1983 claims).

18 　　　The Court notes defendant Herrington holds a supervisory position. But plaintiff
19 cannot bring § 1983 action against a supervisor on a theory that the supervisor is liable
20 for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325
21 (1981). If plaintiff wishes to pursue this § 1983 action, he must provide a short, plain
22 statement explaining exactly what each defendant did or failed to do and how the
23 actions violated plaintiff's constitutional rights and caused him harm.

24
25

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 3

## II.     Official Capacity Claim

Plaintiff also claims he is naming defendant Herrington in his official capacity. An official capacity claim must be treated as a claim against the state. In an official-capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Graham*, 473 U.S. at 166. A state can be liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell,* 436 U.S. at 693; *Hafer*, 502 U.S. 21, 25 (quotation marks and citation omitted) ("Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's 'policy or custom' must have played a part in the violation of federal law." (some quotation marks omitted)).

Here, plaintiff fails to allege any facts indicating that defendant Herrington took any action (or failed to take action) pursuant to government policy or custom that violated plaintiff's constitutional rights. Accordingly, plaintiff also fails to allege sufficient facts to state an official capacity claim against defendant Herrington.

## III.    Eighth Amendment – Medical Care

To establish a cause of action under the Eighth Amendment, a prisoner must show the defendant's acts or omissions amount to deliberate indifference to the prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  To establish "deliberate indifference," a prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need.  *Id.* at 104.

A determination of "deliberate indifference" involves an examination of two elements: (1) the seriousness of the prisoner's medical need; and (2) the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992). A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32–35 (1993); *McGuckin*, 974 F.2d at 1059. An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988). Further, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful. *McGuckin*, 974 F.2d at 1060; *Shapely v. Nevada Bd. of State Prison Comm'rs.*, 766 F.2d 404, 407 (9th Cir.1985).

If plaintiff intends to pursue his Eighth Amendment claims related to his medical treatment, in his amended complaint, plaintiff must allege facts to support all the elements described above with respect to each defendant.

### IV.     Eighth Amendment – Failure to Protect

Plaintiff alleges that he was placed in a cell with another inmate who assaulted him, causing him injury. The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison officials have a duty to protect prisoners from violence suffered at the hands of other prisoners. *Id*. at 833. However, not every injury suffered by a

prisoner at the hands of another is a violation of a prisoner's constitutional rights. *Id*. at 834.

In cases alleging an Eighth Amendment violation based on a failure to prevent harm, the plaintiff must first meet an objective component by showing "he is incarcerated under conditions posing a substantial risk of serious harm." *Id*.; *see Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir.2010). The plaintiff must also meet a subjective component by showing the prison official acted with deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 33 (1993). "[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832; *see Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir.1995).

Plaintiff's complaint fails to identify a defendant responsible for this alleged violation or explain how his constitutional rights were violated. If plaintiff intends to pursue this claim, he must allege facts in his amended complaint to support all the elements described above.

V.     **Retaliation – Infractions**

Plaintiff also appears to allege he was improperly infracted for seeking medical care. It is unclear whether plaintiff intends to allege a First Amendment retaliation claim here or some other cause of action. To the extent Plaintiff intends to allege retaliation

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 6

based upon the exercise of his First Amendment rights, the standard for stating such a claim is described below.

"A prisoner suing prison officials under 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam) (*citing Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985)). These claims must be evaluated in the light of the deference that must be accorded to prison officials. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995). The prisoner must establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Id.* Finally, the prisoner must demonstrate that his First Amendment rights were actually chilled by the alleged retaliatory action. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000).

To properly state a claim of retaliation, plaintiff must not only name the individuals and identify the constitutional activity in which he was engaged, he must also describe what retaliatory action each individual took, explain why the action did not advance legitimate penological goals, and describe how his First Amendment rights were actually chilled by the retaliatory action. If plaintiff intends to pursue this claim, he should include all of his factual allegations against any of the defendants relating to his claim or claims of retaliation in one section of his amended complaint.

**VI.   Instruction to Plaintiff and the Clerk**

If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain

statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **December 11, 2020**, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to plaintiff.

Dated this 10th day of November, 2020.

Theresa L. Fricke
United States Magistrate Judge