1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

PETER JAMES CARR,

               Plaintiff,

   v.

RYAN HERRINGTON,

               Defendants.

Case No. 3:20-cv-05794-BHS-TLF

ORDER GRANTING PLAINTIFF'S
MOTIONS TO EXTEND TIME TO
FILE AMENDED COMPLAINT AND
DENYING REQUEST FOR
APPOINTMENT OF COUNSEL

11

12

13

14

15

     Plaintiff, Peter James Carr, proceeding *pro se*, has filed two motions to extend the time to file his amended complaint. Dkts. 8, 10. The second motion also includes a request that the Court appoint counsel to represent him. Dkt. 11 at 4. For the reasons discussed below, the court grants Plaintiff's motion for an extension and denies Plaintiff's request for the appointment of counsel.

16

A.    Extension

17

18

19

20

21

22

23

     By order dated November 10, 2020, this Court declined to serve plaintiff's complaint but allowed Plaintiff leave to file an amended pleading by December 11, 2020, to cure the deficiencies in his complaint. Dkt. 7. On December 9, 2020 and December 17, 2020, Plaintiff filed motions seeking an extension of this deadline. Dkts. 8, 10. Both motions contend that ongoing lockdowns and restrictions due to an outbreak of Covid 19 at the prison at which Plaintiff is confined have limited his ability to utilize the law library to draft his amended complaint. Dkts. 9, 11. The Court **grants** Plaintiff's

24

25

ORDER GRANTING PLAINTIFF'S MOTIONS TO
EXTEND TIME TO FILE AMENDED COMPLAINT AND
DENYING REQUEST FOR APPOINTMENT OF
COUNSEL - 1

1   motions for an extension (Dkts. 8 and 10); Plaintiff shall file his amended complaint on

2   or before J**anuary 29, 2021**.

3   B.      Request for Appointment of Counsel

4          The Declaration accompanying Plaintiff's second motion for an extension also

5   requests the appointment of counsel to represent Plaintiff. Dkt. 11 at 4.

6          No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v.*

7   *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04*

8   *in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this

9   section is discretionary, not mandatory."). In "exceptional circumstances," the Court may

10  appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v.*

11  *Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952

12  (9th Cir. 1998).

13         To decide whether exceptional circumstances exist, the Court must evaluate

14  both "the likelihood of success on the merits [and] the ability of the petitioner to

15  articulate his claims *pro se* in light of the complexity of the legal issues involved."

16  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*,

17  718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an

18  insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate

19  ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of*

20  *America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better

21  served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

22         Plaintiff indicates that due to COVID-19-related lockdowns he has difficulty

23  accessing the law library and electronically filing documents. But this is not an

24  exceptional circumstance that sets Plaintiff aside from any other prisoner during this

25  ORDER GRANTING PLAINTIFF'S MOTIONS TO
EXTEND TIME TO FILE AMENDED COMPLAINT AND
DENYING REQUEST FOR APPOINTMENT OF
COUNSEL - 2

1  pandemic. Plaintiff has successfully filed several documents, including his complaint

2  and these motions, in which he has thus-far demonstrated an adequate ability both to

3  articulate himself and to seek extensions when COVID-related restrictions impair his

4  ability to meet deadlines.[1] Plaintiff has also been able to articulate the factual and legal

5  basis of his claims in the complaint, even though, as discussed in the Court's Order to

6  Show Cause or Amend the Complaint (Dkt. 7), the Court found those claims as stated

7  to be deficient.

8  Furthermore, at this point plaintiff has not yet filed a serviceable complaint and,

9  as such, it is premature to assess the likelihood of success on the merits or whether the

10  issues in this case are necessarily complex. In sum, plaintiff has failed in his burden to

11  demonstrate an inability to present his claims to this Court without counsel. The branch

12  of plaintiff's motion seeking appointment of counsel (Dkt. 10) is therefore **DENIED.**

13  Dated this 22nd day of December, 2020.

Theresa L. Fricke
United States Magistrate Judge

[1] With respect to meeting deadlines for filing pleadings, Plaintiff is advised that the "prison mailbox rule" applies; that is, documents are considered filed on the date a prisoner "delivered the [document] to prison authorities for forwarding to the [d]istrict [c]ourt." *Houston v. Lack*, 487 U.S. 266, 270 (1988). *See also Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009) ("When a pro se prisoner alleges that he timely complied with a procedural deadline by submitting a document to prison authorities, the district court must either accept that allegation as correct or make a factual finding to the contrary upon a sufficient evidentiary showing by the opposing party.") Thus, for purposes of determining timeliness, *pro se* prisoner filings are deemed filed the date the prisoner signs the document and gives it to prison officials for filing; subsequent delays by the prison library in processing filings will not cause a prisoner's filing to be deemed untimely.

ORDER GRANTING PLAINTIFF'S MOTIONS TO
EXTEND TIME TO FILE AMENDED COMPLAINT AND
DENYING REQUEST FOR APPOINTMENT OF
COUNSEL - 3