UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER JAMES CARR,

                Plaintiff,

v.

RYAN HERRINGTON,

                Defendant.

Case No. 3:20-cv-05794-BHS-TLF

REPORT AND RECOMMENDATION

Noted for February 19, 2021

This matter is before the Court on Plaintiff's motion to compel Stafford Creek Corrections Center to be in compliance with the Prisoner E-filing Initiative, which the undersigned construes as a motion for preliminary injunction. Dkt. 12. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that Plaintiff's motion be denied.

FACTUAL AND PROCEDURAL HISTORY

Due to lockdown conditions arising out of the impact of the COVID-19 pandemic at the facility at which Plaintiff is confined, Plaintiff is experiencing difficulty with accessing the law library to timely file documents in this case. Dkt. 13 at 2. Plaintiff reports that he provided a document to the law librarian for e-filing, but believes it was never filed with the Court because he did not receive any confirmation. *Id.* at 6. Plaintiff requests that the Court "compel Mr. John Thompson [the Stafford Creek Corrections Center Law Librarian] to be in compliance" with the Court's e-filing initiative. *Id.* at 6-7.

REPORT AND RECOMMENDATION - 1

DISCUSSION

The Court construes Plaintiff's request as a motion for a preliminary injunction. The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). Plaintiff's motion should be denied for two reasons.

First, plaintiff seeks preliminary injunctive relief against non-party Thompson who is not named in the underlying complaint. *See* Dkt. 6. The Court cannot issue an order against an individual who is not a party to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969). *See also* Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); Fed. R. Civ. P. 65(d)(2) (providing that a preliminary injunction binds only parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active

REPORT AND RECOMMENDATION - 2

1  concert or participation with them). The Court lacks jurisdiction to order the requested
2  relief against Mr. Thompson, who is not a party.[1]

3  Second, Plaintiff has not demonstrated that he is faced with a significant threat of
4  irreparable harm in the absence of the requested relief. In the context of preliminary
5  injunctive relief, irreparable harm is established when a plaintiff is unlikely to be made
6  whole by an award of monetary damages or some other legal remedy at a later date, in
7  the ordinary course of litigation." *Edge Games, Inc. v. Elec. Arts, Inc.*, 745 F. Supp. 2d
8  1101, 1117 (N.D. Cal. 2010) (citing *California Pharmacists Ass'n v. Maxwell–Jolly*, 563
9  F.3d 847, 851–52 (9th Cir. 2009)). Plaintiff must demonstrate real and immediate threat
10 of future injury; past injury is largely irrelevant. *See O'Shea v. Littleton*, 414 U.S. 488,
11 496 (1974); *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *City of Los Angeles v. Lyons*,
12 461 U.S. 95, 111 (1983). In cases brought by prisoners involving conditions of
13 confinement, any preliminary injunction "must be narrowly drawn, extend no further than
14 necessary to correct the harm the court finds requires preliminary relief, and be the least
15 intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

16 Plaintiff has not established irreparable harm. The Court has granted Plaintiff an
17 extension of time to file his amended complaint. *See* Dkt. 14. Plaintiff may request
18 additional extensions if he needs them—and, in fact, has recently made such an
19 additional request. Dkt. 16.[2] Extensions of time will adequately meet Plaintiff's concern
20 that law library delays could jeopardize his ability to meet case deadlines. Therefore,
21 even if the Court had jurisdiction to issue the requested relief, Plaintiff has not

---

[1] Indeed, as the Court has declined to serve Plaintiff's proposed complaint, which it found to be defective (Dkt. 7), the Court does not currently have jurisdiction even over the named defendant.

[2] That motion is noted for consideration on February 5, 2021 and will be addressed in a separate order.

demonstrated an immediate threat of substantial irreparable injury. Because Plaintiff has not shown he is "'likely to suffer irreparable harm in the absence of preliminary relief,' *Winter,* 129 S.Ct. at 374, [the Court] need not address the . . . remaining elements of the preliminary injunction standard." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court DENY Plaintiff's motion for preliminary injunction (Dkt. 12).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **February 19, 2021**, as noted in the caption.

Dated this 1st day of February, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge